UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTHONY C. MARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:08 CV 195 |
| CITY OF FORT WAYNE, BRAD BAUMGARTNER, BRIAN COOK, CAROL TAYLOR, STACY MCCORMICK, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

*Pro se* plaintiff Anthony C. Martin filed an initial complaint in this case (DE # 1), which the court struck as vague and confusing (DE # 4). Plaintiff then filed a second complaint. (DE # 5.) Defendants City of Fort Wayne, Brad Baumgartner, Brian Cook, Carol Taylor, and Stacy McCormick were served (DE # 9 to 15), and have now filed a motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), alleging that this court lacks subject matter jurisdiction. (DE # 15.) Plaintiff has responded (DE # 20), and defendants have apparently opted not to reply.

A motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) asserts that the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998); see FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When considering such a motion to

dismiss, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003), although the plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999).

As mentioned above, defendants argue that plaintiff cannot bring a suit against them in federal court because this court lacks subject matter jurisdiction over this case. (DE # 15; DE # 19.) Defendants assert that plaintiff is bringing a negligence claim against them, and, therefore, this court can only hear the case if it has diversity jurisdiction (DE # 19 at 4); meaning that unless every defendant is from a different state than plaintiff and the amount of damages he requests is more than $75,000, this court lacks the power to consider this case. *See* 28 U.S.C. § 1332(a). Defendants then argue that diversity is lacking for two reasons: first, both plaintiff and defendant City of Fort Wayne are citizens of Indiana, and, second, plaintiff has only requested an award of $20,000. (DE # 19 at 4-5.)

Plaintiff makes various statements in his response, but the only claim he makes that directly rebuts defendants' points is that he wants $20,000 in damages from each defendant, meaning the amount in controversy is actually $80,000. (DE # 20 at 2.) He does not contest defendants' allegation that both he and the City of Forty Wayne are citizens of Indiana, nor does he claim that he is not bringing a negligence suit against

them. Therefore, it seems like defendants' argument wins, and this case should be dismissed under RULE 12(b)(1).

But there are a few lingering issues that undermine this outcome. First, both of plaintiff's complaints were composed on a form for a 42 U.S.C. § 1983 claim. (*See* DE # 1; DE # 5.) And as defendants well know, if plaintiff is properly suing under § 1983, he does not need to establish diversity jurisdiction. But this begs the question: what is the basis for plaintiff's law suit? As defendants and plaintiff both note, the original event that gave rise to this case was a car accident where plaintiff drove through a pothole on a Fort Wayne street that had been created by a road repair crew. (DE # 5 at 2; DE # 19 at 2.) Plaintiff's car was damaged, he brought suit against the city and apparently lost after a hearing in small claims court. (DE # 5 at 2-3; DE # 19 at 2-3.) Defendants claim that plaintiff is now merely trying to reinitiate this suit in federal court. (DE # 19 at 4.) If that were true, this case would indeed be a negligence claim.

But plaintiff also appears to be bringing suit against the government officials who opposed and ruled on his state court case. (DE # 5 at 2.) There would be no need to name these individuals as defendants if plaintiff were just suing about the pothole. Further, plaintiff's complaint alleges that the hearing at which he presented his claims was not "fair and impartial," that defendants Cook and Baumgartner made "racial comments" at the hearing, that his girlfriend was harassed, and that the opposing party brought up his criminal history. (DE # 5 at 1-2.) Thus, while plaintiff's claim in state court may have been a negligence claim, it seems as if he has expanded that issue into a

3

§ 1983 claim, alleging a denial of due process. Therefore, the original premise of defendants' motion to dismiss, that plaintiff only raises a common law negligence claim, is wrong, especially at this stage of the proceedings. *See Alicea-Hernandez*, 320 F.3d at 701 (when deciding a defendant's motion to dismiss, court draws all reasonable inferences in favor of plaintiff). Accordingly, the court must deny defendants' motion to dismiss.

However, this court has an independent duty to ensure that subject-matter jurisdiction exists. *See Indiana Gas Co. v. Home Ins. Co.*, 141 F. 3d 314, 316 (7th Cir. 1998). The possible absence of subject-matter jurisdiction is an issue that the court should raise on its own motion, at any time. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). And in reviewing plaintiff's complaint, the court has determined that his case runs into another jurisdictional problem. That is the *Rooker-Feldman* doctrine, which this court is obligated to raise on its own. *GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 727 (7th Cir. 1993) ("The *Rooker-Feldman* doctrine creates a jurisdictional obstacle to collateral review, one we must respect even if the parties do not present the issue for decision.")

As the Supreme Court has explained, the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). This doctrine is directly on point. Plaintiff sued

in state court for damages, and now claims that the state court's outcome was flawed, and that the process violated his federal constitutional rights. (DE # 5; DE # 20.) The *Rooker-Feldman* doctrine prevents the court from hearing this precise type of case. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (*Rooker-Feldman* bars a party "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). So this court does lack jurisdiction to hear this case, just for a different reason than the one noted by defendants.

If plaintiff wishes to get federal review of his state court case, it appears that he must appeal through the Indiana court system and then seek review from the Supreme Court of the United States. *See Saudi Basic*, 544 at 292 (28 U.S.C. § 1257 "vests authority to review a state court's judgment solely in" the Supreme Court). The court truly sympathizes with plaintiff's difficulties as a *pro se* litigant. Further, the court also shares plaintiff's frustration with state and local governments creating unmarked road hazards that can damage a person's vehicle. But this sympathy and shared frustration do not allow the court to illegally expand its jurisdiction.

Defendant's motion to dismiss (DE # 15) is **DENIED**. On the court's own motion, this case is **DISMISSED** pursuant to the *Rooker-Feldman* doctrine.

**SO ORDERED.**

**DATED:** December 15, 2008

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT